IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:09CR346 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| MARVIN STOCKDALE, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 29). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has pled guilty to Counts I and II of the Indictment. Count I charges the Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count II of said Indictment seeks the forfeiture, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Glock 19 semi-automatic handgun, Serial #BFG726US, on the basis it was a firearm involved or used in the knowing commission of the offense charged in Count I.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject property, and the United States should be entitled to possession of said property, under 18 U.S.C. § 924(d) and 28 U.S.C. §§ 2461(c) and 5872.

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 29) is hereby sustained.

B. Based upon Count II of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the Glock 19 semi-automatic handgun, Serial #BFG726US.

C.  The Defendant's interest in said property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited property are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 18th day of December, 2009.

                                      **BY THE COURT:**

                                      S/ Laurie Smith Camp
                                      **United States District Judge**